UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV-19-07652-MWF (MAAx) | Date: December 4, 2019 |
| Title: | Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT HUGFUN INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) [12]

Before the Court is Defendant Hugfun International, Inc.'s ("Hugfun") Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) (the "Motion") filed on October 2, 2019. (Docket No. 12). Plaintiff Kellytoy Worldwide, Inc. ("Kellytoy") filed an Opposition on October 14, 2019. (Docket No. 19). Defendant filed its Reply on October 21, 2019. (Docket No. 21). Pursuant to the parties' stipulation, Defendant BJ's Wholesale Club, Inc. ("BJ's") is deemed to have joined in the Motion. (Docket No. 25).

The Motion was noticed to be heard on November 4, 2019. The Court has read and considered the papers filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** *with leave to amend*. Although Plaintiff's description of the alleged Squishmallows trade dress is sufficiently pleaded, the Court must dismiss Plaintiff's First Claim for Relief for failing to allege how the trade dress is non-functional. Plaintiff's Second, Third, and Fourth Claims for Relief are also dismissed because they depend on a proper pleading of the First Claim for Relief.

---

**CIVIL MINUTES—GENERAL**  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-19-07652-MWF (MAAx) | Date: December 4, 2019 |
| Title: Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al. | |

## I. BACKGROUND

On September 4, 2019, Plaintiff filed a Complaint alleging various federal and California trade dress infringement and unfair competition claims against the Defendants. (*See generally* Compl. ¶¶ 5-8 (Docket No. 1)). Specifically, Plaintiff asserts four claims for relief: (1) trademark infringement, false designation of origin, and false description under section 43 of the Lanham Act, 15 U.S.C. § 1125; (2) common law trademark infringement; (3) California common law unfair competition; and (4) unfair competition under California Business & Professional Code § 17200, *et seq.* (*Id.* ¶¶ 57-80).

The following facts are based on the Complaint, which the Court assumes are true; the Court further construes any inferences arising from these facts in the light most favorable to Plaintiff. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

For nearly two decades, Plaintiff has been in the business of manufacturing, distributing, and selling plush toys. (Compl. ¶¶ 17-18). In that time, Plaintiff has developed a reputation for high quality, unique products that are popular with consumers. (*Id.* ¶ 18). In 2016, Plaintiff created its "Squishmallows" line of plush toys, which it markets under the SQUISHMALLOW trademark. (*Id.* ¶ 20). Most of the designs have or are pending approval for U.S. copyright registrations. (*Id.*).

Plaintiff's Squishmallows line includes a broad range of plush toys. (*Id.* ¶ 22). Plaintiff describes its alleged Squishmallows' trade dress (the "Trade Dress") as:

> (1) substantially egg/bell shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters; (2) simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-19-07652-MWF (MAAx) | Date: December 4, 2019 |
| Title: Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al. | |

>graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shaped of the toys; (3) embroidered facial features, such as eyes, nostrils, and/or mouths; (4) distinctive contrasting and non-monochrome coloring; and (5) short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel.

(*Id.*). Plaintiff also includes several photos depicting the Trade Dress. (*Id.*, Ex. 1).

Plaintiff is the sole owner of all rights, title, and interest in and to the Squishmallows line of toys. (*Id.* ¶ 21). Since their creation, Plaintiff has dedicated substantial time, effort, and resources to the promotion of its Squishmallows toys. (*Id.* ¶ 23). For example, Plaintiff is currently spending over $1 million annually in advertising. (*Id.* ¶ 21). The Squishmallows have been featured in over 300 publications, including mainstream magazines, news articles, reviews, and videos. (*Id.* ¶ 28). The toys have also earned numerous industry awards and recommendations. (*Id.* ¶ 31). Since the summer of 2017, Plaintiff has shipped approximately 40 million units of Squishmallows, and the toys have generated tens of millions of dollars in sales over the past year alone. (*Id.* ¶ 43).

Plaintiff alleges that sometime in 2019, Defendants began selling and distributing plush toys substantially and confusingly similar to Plaintiff's Trade Dress. (*Id.* ¶ 48). Defendant Hugfun allegedly sells the infringing plush toys to Defendant BJ's at a fraction of the price that Plaintiff charges for its toys. (*Id.* ¶ 50). Plaintiff alleges that Defendant Hugfun can do so because it copied the Trade Dress instead of spending resources developing its own product, and because Defendant Hugfun's toys are of inferior quality. (*Id.*). Plaintiff also alleges that Defendants' activities "are likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of the toys." (*Id.* ¶ 52). Thus, Defendants' acts constitute "trademark infringement, unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-19-07652-MWF (MAAx)          Date: December 4, 2019
Title:     Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al.

Kellytoy's good will and the public acceptance of Kellytoy's original works." (*Id.* ¶ 54).

## II.    LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' . . . plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 556-57).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-19-07652-MWF (MAAx) | Date: December 4, 2019 |
| Title: Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al. | |

consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97.

### III. DISCUSSION

Defendants raise three main arguments in their Motion to Dismiss: (1) the First Claim for Relief should be dismissed because Plaintiff failed to meet its Rule 8 obligation to provide sufficient facts in describing the Trade Dress and alleging that it is non-functional; (2) the First Claim for Relief should be dismissed with prejudice because Plaintiff cannot state a claim under the Lanham Act at all given that the alleged Trade Dress is functional; and (3) the Second, Third, and Fourth Claims for Relief should be dismissed because they are substantially congruent to the First Claim for Relief. (Mot. at 11-21).

#### A. First Claim for Relief: Lanham Act

To state an infringement claim under section 43(a) of the Lanham Act—whether it be a trademark claim or a trade dress claim—a plaintiff must identify the dress and allege three basic elements: (1) distinctiveness, (2) non-functionality, and (3) likelihood of confusion. *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046-47 (9th Cir. 1998) (upholding summary judgment ruling that grape leaves are generic emblem for wine and so not subject to trademark protection). Plaintiff is also required to adequately define the trade dress for which it claims protection. *Sleep Sci. Partners v. Lieberman*, No. 09–04200 CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010) ("Without an adequate definition of the elements comprising the website's 'look and feel,' [defendant] is not given adequate notice."); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116–17, (2d Cir. 2001) ("[W]e hold that a plaintiff seeking to protect its trade dress in a line of products must articulate the design elements that compose the trade dress."); *see also* 1 *McCarthy on Trademarks and Unfair Competition* § 8:3 (4th ed. 2014) ("While trade dress is most often defined as a totality of elements, there is no reason why the plaintiff cannot define a list of elements consisting of less than the totality of features. . . . Only then can the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-19-07652-MWF (MAAx) | Date: December 4, 2019 |
| Title:  Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al. | |

and the parties coherently define exactly what the trade dress consists of and determine whether that trade dress is valid and if what the accused is doing is an infringement.").

"Trade dress is the total image of a product, including features such as size, shape, color, texture, and graphics." *Moldex-Metric, Inc. v. Mckeon Prods., Inc.*, 891 F.3d 878, 881 (9th Cir. 2018) (internal quotation marks and citation omitted). In evaluating a trade dress claim, a court must not focus on individual elements, "but rather on the overall visual impression that the combination and arrangement of those elements create." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001). "Trade dress is the composite tapestry of visual effects." *Id*.

### 1. Description of the Alleged Trade Dress

Defendants allege that "Kellytoy's Complaint fails to provide Hugfun and the Court with a detailed and precise description of its alleged 'Squishmallow Trade Dress.'" (Mot. at 11). According to Defendants, the description of the Trade Dress "offers only superficial insight into the scope or nature of Kellytoy's alleged trade dress." (*Id.* at 8). For example, Defendants question the meaning of Plaintiff's reference to a "simplified Asian style Kawaii face," or its description of "complementary rounded/oval shaped graphics." (*Id.* at 8-9). Defendants argue that these terms are too broad and vague to give sufficient notice under Rule 8. (*Id.*). Finally, Defendants point out that the images that Plaintiff filed as Exhibit 1 to the Complaint reveal that there is no "sufficiently precise trade dress that covers the entire line." (*Id.* at 9).

In response, Plaintiff argues that its Complaint "both depicts and recites the elements of Kellytoy's trade dress and . . . alleges that the depiction of the trade dress in its totality makes up the 'Squishmallow Trade Dress.'" (Opp'n at 20). Plaintiff dismisses Defendants' arguments as misguided for focusing on individual elements instead of assessing them in their combined form. (*Id.* at 21).

The Court finds that Plaintiff's Trade Dress description satisfies the requirements of Rule 8. In its Complaint, Plaintiff describes the Trade Dress in detail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-19-07652-MWF (MAAx)          Date: December 4, 2019
Title:     Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al.

and attaches photos of its line of plush toys. (Compl. ¶ 22 & Ex. 1). Specifically, the Complaint includes a description of the Trade Dress's shape ("substantially egg/bell shaped"); color combinations ("distinctive contrasting and non-monochrome coloring"); and texture ("short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel"). (*Id.* ¶ 22).

Plaintiff also describes the Trade Dress's graphics as "simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys." (*Id.*). Defendants argue that this description is vague and overbroad, and that Plaintiff is attempting to claim the exclusive right to manufacture plush toys with "Asian style Kawaii faces." (Mot. at 12; Reply at 7). Defendants err in focusing on this feature on its own instead of the "composite tapestry of visual effects" that it creates along with the Trade Dress's shape, colors, and texture. *See Clicks*, 251 F.3d at 1259 ("[I]t is crucial that we focus *not* on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create."). For example, the Trade Dress as described does not appear to cover monochromatic animal plush toys with "Asian style Kawaii faces" that have proportionally-sized limbs.

In short, the Court finds that the overall description of the Trade Dress gives Defendants sufficient notice to survive dismissal. *See, e.g.*, *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015 WL 12731929, at *3-4 (C.D. Cal. May 8, 2015) (accepting description listing several elements of the alleged trade dress accompanied by photographs). The question now is whether the Court should nonetheless dismiss Plaintiff's Complaint due to defects in claiming non-functionality.

       **2. Non-functionality**

Defendants raise two different issues with Plaintiff's allegation of non-functionality. First, Defendants argue that Plaintiff failed to plead non-functionality adequately as required by *Iqbal*. (Mot. at 14; Reply at 5). Second, Defendants urge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-19-07652-MWF (MAAx)          **Date:** December 4, 2019
**Title:**     Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al.

the Court to evaluate the Trade Dress's functionality at this stage and conclude that Plaintiff cannot state a claim for trade dress protection. (Mot. at 15) (quoting *Iqbal*, 556 U.S. at 679).

As previously noted, a plaintiff must allege non-functionality to state a claim for trade dress protection under the Lanham Act. *See Moldex-Metric*, 891 F.3d at 881 ("No protection under the Lanham Act is available if the claimed trade dress is functional." (citing *Traffix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001))). Defendants argue that Plaintiff's non-functionality assertion in the Complaint is conclusory and devoid of factual support. (Mot. at 14; Reply at 8-10). Citing to *Deckers*, Defendants argue that Plaintiff must allege "how" the Trade Dress is non-functional. 2015 WL 12731929, at *4 (citing cases). Plaintiff counters that it has alleged sufficient facts regarding non-functionality. (Opp'n at 13) (citing Compl. ¶¶ 22, 58-64, Ex. 1).

Plaintiff failed to plead sufficient facts in support of its assertion that the Trade Dress is non-functional. Plaintiff's only mention of functionality in the Complaint is the conclusory statement that "[t]he Squishmallow Trade Dress is non-functional." (Compl. ¶ 58). Although Plaintiff does not have to plead "detailed factual allegations" in its Complaint, Rule 8 does require sufficient facts to "state a claim to relief that is plausible on its face," including how the Trade Dress is non-functional. *Iqbal*, 556 U.S. at 678 (citation omitted). Multiple courts in this district have adopted this approach. *See, e.g., Deckers*, 2015 WL 12731929, at *3-4 ("The Court holds that Plaintiff's conclusory statement of non-functionality fails to sufficiently allege the element."); *Green Crush LLC v. Paradise Splash I, Inc.*, No. CV 17-1856 CJC (JDEx), 2018 WL 4940824, at *4 (C.D. Cal. Mar. 8, 2018) (same); *Virgin Scent, Inc. v. Bel Air Naturals Care Corp.*, No. CV 17-8284 AB (RAOx), 2018 WL 5264145, at *4 (C.D. Cal. Feb. 8, 2018) (same).

Defendants appear to be advocating for dismissal without leave to amend based on their contention that the Trade Dress is functional, and thus, not entitled to protection under the Lanham Act. The Court rejects Defendants' arguments for two reasons. First, simply because Plaintiff has ***yet*** to plead non-functionality adequately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-19-07652-MWF (MAAx)         Date: December 4, 2019
Title:     Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al.

does not mean that Plaintiff could not possibly do so. It is premature to ask the Court to rule on the issue without an understanding of what Plaintiff's "claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).

    Second, to the extent that Defendants are claiming that functionality is obvious from the face of the Complaint, the Court disagrees with their conclusion. "Functionality is generally viewed as an intensely factual issue." *Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1129 (9th Cir. 2016) (alteration and citation omitted). The Court sees no reason to deviate from the well-established approach that functionality should not be resolved at this stage. *See Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. CV 18-2436, 2019 WL 1260634, at *4 (C.D. Cal. Mar. 18, 2019) ("[C]ourts have held that [functionality] cannot be resolved at the motion to dismiss stage." (citing cases)); *see also Virgin Scent*, 2018 WL 5264145, at *5 ("The Court agrees that functionality is a question of fact that is generally not suitable to disposition on a motion to dismiss." (citing cases)); *Deckers*, 2015 WL 12731929, at *5 (same). Indeed, a quick glance at the Parties' pleadings reveal numerous disputes of fact and law interwoven into each prong of the multi-step functionality analysis established by the Supreme Court and Ninth Circuit. Thus, the Court will not entertain the merits of functionality at this stage.

    Accordingly, because Plaintiff failed to plead non-functionality adequately, Defendants' Motion is **GRANTED** *without prejudice* as to Plaintiff's First Claim for Relief under the Lanham Act.

### B.    Second, Third, and Fourth Claims for Relief

    Defendants argue that Plaintiff's common law trademark infringement and state law claims fail because Plaintiff has not stated a claim for protection under the Lanham Act. (Mot. at 21). The Court agrees that these claims are not adequately pled unless Plaintiff corrects the defect in pleading non-functionality. *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 (9th Cir. 2005) ("The test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion." (citation omitted)); *Cleary v. News Corp.*, 30 F.3d 1255,

**CIVIL MINUTES—GENERAL**            9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-19-07652-MWF (MAAx)**          **Date: December 4, 2019**
**Title:**     Kellytoy Worldwide, Inc. *v.* Hugfun International, Inc., et al.

1262-63 (9th Cir. 1994) ("[A]ctions pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act." (citations omitted)).  Therefore, Defendants' Motion is likewise **GRANTED** *with leave to amend* as to the Second, Third, and Fourth Claims for Relief.

Accordingly, Defendants' Motion is **GRANTED** *with leave to amend* to cure the defect as to the non-functionality claim.  Plaintiff shall file a First Amended Complaint on or before **December 20, 2019.**  Defendant shall file a response to the operative Complaint by **January 10, 2020**.

IT IS SO ORDERED.